**N THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **TRAXCELL TECHNOLOGIES, LLC,** | |
| Plaintiff, | |
| v. | Case No. 6:21-cv-00074-ADA |
| **APPLE INC.,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT'S PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

# TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................. 1

II.     STATEMENT OF FACTS .................................................................................... 2

III.    LEGAL STANDARD............................................................................................ 5

IV.     ARGUMENT......................................................................................................... 5

        A.  Traxcell Fails to State a Claim of Direct Infringement of the '388 Patent .................5

        B.  Traxcell Fails to State a Claim of Induced Infringement of the Asserted Patents ...... 10

        C.  Traxcell Fails to State a Claim for Contributory Infringement of the Asserted Patents
            .................................................................................................................................14

        D.  Traxcell Fails to State a Claim for Willful Infringement of the Asserted Patents ...... 15

V.      CONCLUSION.................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ....................................................................5, 13

*Affinity Labs of Texas, LLC v. Toyota Motor North America, Inc.*,
2014 WL 2892285 (W.D. Tex. May 12, 2014) .......................................................13

*AgroFresh Inc. v. Essentiv LLC*,
No. CV 16-662-MN-SRF, 2018 WL 6974947 (D. Del. Dec. 27, 2018) .................11

*Aguirre v. Powerchute Sports, LLC*,
No. SA–10–CV–702–XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011)..............12

*Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*,
709 F.3d 1348 (Fed. Cir. 2013).................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).................................................................................................5

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021)................................................................................15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).................................................................................................5

*Bush Seismic Technologies LLC v. American Gem Society*,
2016 WL 9115381 (E.D. Tex. 2016) ......................................................................14

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*,
631 F.3d 1279 (Fed. Cir. 2011)................................................................................8

*Diem LLC v. BigCommerce, Inc.*,
No. 6:17-CV-186 ....................................................................................................10

*DSU Med. Corp. v. JMS Co.*,
471 F.3d at 1306 ....................................................................................................13

*DSU Med. Corp. v. JMS Co., Ltd.*,
477 F.3d 1293 (Fed. Cir. 2006)..............................................................................10

*Fujitsu Ltd. v. Netgear Inc.*,
620 F.3d 1321 (Fed. Cir. 2010)..............................................................................14

*Golden Blount, Inc. v. Robert H. Peterson Co.*,
    365 F.3d 1054 (Fed. Cir. 2004)...............................................................................14

*Grecia v. McDonald's Corp.*,
    724 F. App'x 942 (Fed. Cir. 2018) .............................................................................9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016)..............................................................................................15

*Hypermedia Navigation LLC v. Google LLC*,
    No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal Apr. 2, 2019)......................16

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012).................................................................................10

*Inhale, Inc. v. Gravitron, LLC*,
    No. 1:18-CV-7652-LY, 2018 WL 7324886 (W.D. Tex., Dec. 10, 2018) ................16

*Intellectual Ventures I LLC v. Motorola Mobility LLC*,
    870 F.3d 1320 (Fed. Cir. 2017)...................................................................................9

*Iqbal." Iron Oak Techs., LLC v. Acer Am. Corp.*,
    No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677 (W.D. Tex. Nov. 28, 2017) ..............10, 14

*Jenkins v. LogicMark*,
    LLC, No. 3:16-cv-751-HEH, 2017 WL 376154 (E.D. Va. Jan. 25, 2017)...............16

*Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*,
    2015 WL 3513151 (W.D. Tex. Mar. 24, 2015) .......................................................13

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1-18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)..............12, 15, 16

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)...................................................................................................13

*Nalco Co. v. Chem-Mod, LLC*,
    883 F.3d 1337 (Fed. Cir. 2018)....................................................................................6

*Omega Pats., LLC v. CalAmp Corp.*,
    920 F.3d 1337 (Fed. Cir. 2019)................................................................................6, 7

*Panoptis Patent Mgmt., LLC v. Blackberry Corp.*,
    No. 2:16-CV-00059-JRG-RSP, 2017 WL 780885 (E.D. Tex. Feb. 10, 2017) .........9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-CV-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019)............15

*Parus Holdings Inc. v. LG Electronics Inc.*,
  Civil Action 6:19-cv-432-ADA (W.D. Tex. July 22, 2019) ....................................13

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
  930 F.3d 1295 (Fed. Cir. 2019)................................................................................15

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985)................................................................................12

*Synchronoss Techs., Inc. v. Dropbox, Inc.*,
  987 F.3d 1358 (Fed. Cir. 2021)..........................................................................6, 8, 9

*TecSec, Inc. v. Int'l Bus. Machines Corp.*,
  769 F. Supp. 2d 997 (E.D. Va. 2011), *aff'd*, 466 F. App'x 882 (Fed. Cir. 2012)....................6

*Trans Video Elecs., Ltd. v. Netflix, Inc.*,
  No. CV 12-1743-LPS, 2014 WL 900929 (D. Del. Mar. 4, 2014) ...........................11

*Vita-Mix Corp. v. Basic Holding, Inc.*,
  581 F.3d 1317 (Fed. Cir. 2009)................................................................................10

**Statutes**

35 U.S.C. § 271(a) ............................................................................................................5, 6

35 U.S.C. § 271(b) ..............................................................................................................10

35 U.S.C. § 271(c) ..............................................................................................................14

**Rules**

Fed. R. Civ. P. 12(b)(6).................................................................................................1, 16

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Apple, Inc. ("Apple") respectfully moves the Court to dismiss Plaintiff Traxcell Technologies, LLC's ("Traxcell") claim of direct infringement for U.S. Patent No. 9,549,388 ("the '388 Patent"), and Traxcell's claims of indirect and willful infringement for both the '388 Patent and U.S. Patent No. 9,918,196 ("the '196 Patent") (collectively, "the Asserted Patents").

## I.      INTRODUCTION

Traxcell's complaint fails to satisfy the minimum pleading requirements for several of its claims. First, the complaint fails to sufficiently plead that Apple directly infringes the '388 Patent. Fatally, Traxcell alleges that several limitations of the asserted system claim 1 of the '388 Patent are satisfied by functions performed by components owned and operated by third parties—not Apple. But it is a bedrock principle of patent law that a single entity must practice each limitation of an asserted claim to directly infringe that claim. Because Traxcell does not accuse Apple of practicing a complete invention, Apple cannot directly infringe.

Second, Traxcell did not adequately plead indirect infringement for both Asserted Patents. Traxcell does not allege that Apple, with knowledge of the patents, had the specific intent to induce a third party to directly infringe the Asserted Patents. In fact, Traxcell does not identify a third-party direct infringer at all. Similarly, Traxcell's complaint does not state a claim for contributory infringement because it (1) does not allege facts tending to show that the accused system has no substantial non-infringing uses and (2) does not offer facts that Apple sold the accused system with knowledge that it was adapted for infringing use. The complaint does not even state the correct elements for contributory infringement.

Finally, the Court should dismiss Traxcell's willful infringement claim as to both Asserted Patents because the complaint does not allege *a single fact* supporting its claim. While Traxcell need not prove its claims on the pleadings, it must allege facts sufficient for the Court to draw

reasonable inferences in its favor. Traxcell's claims falls well short of this standard and should be dismissed.

## II.    STATEMENT OF FACTS

Traxcell filed this action against Apple on January 26, 2021, alleging that Apple directly, indirectly, and willfully infringes the Asserted Patents.

The Asserted Patents are part of the same family and claim priority to the same application. They generally relate to devices, systems, and methods for providing navigation assistance to a wireless communications device. Specifically, the '196 Patent is directed to systems and methods for providing navigational assistance to a wireless communications device in response to an Internet query from that device.  *See* Doc. 1-1 at Abstract. The '388 Patent is directed to devices, systems, and methods for selectively determining the location of a wireless communications device based on preference flags set by the user of the device, and communicating that information to the device from components of a wireless network. *See* Doc. 1-2 at Abstract, 128:44-129:21, 130:30-67, 132:7-55.

In its complaint, Traxcell alleges that Apple directly infringes claims 1-30 of the '196 Patent and claims 1-30 of the '388 Patent. In support of each allegation, Traxcell provides a chart mapping each limitation of a single asserted claim for each Asserted Patent to the corresponding accused method or system. *See* Doc. 1 at 4-12, 14-28. Specifically, for the '196 Patent, Traxcell alleges that Apple directly infringes method claim 1 by performing each step recited in the claim. *See id.* at 4-12. Traxcell does not provide any additional support for its allegations that Apple directly infringes claims 2-14, which depend from claim 1. Traxcell provides no support whatsoever for its allegations that Apple directly infringes claims 15-30. *See* Doc. 1 at 3-13. As to the '388 Patent, Traxcell alleges that Apple directly infringes system claim 1 through a combination of components controlled by Apple, Apple's customers, and other third parties. *See*

*id.* at 14-28. Traxcell does not provide any additional support for its allegations that Apple or any other party directly infringes claims 2-10, which depend from claim 1. Traxcell provides no support whatsoever for its allegations that Apple or any other party directly infringes claims 11-30. *See id.* at 13-30.

Asserted system claim 1 of the '388 Patent recites a series of components, several of which reside in a wireless communications ***device***, and several of which reside in a wireless communications ***network***. For instance, claim 1 recites a first radio-frequency transceiver and a first processor within the "wireless mobile communications ***device***." Doc. 1-2 at 128:45-65 (emphasis added). Claim 1 then recites elements associated with a "wireless communications ***network***." *Id.* at 128:66-129:21 (emphasis added). In particular, the elements associated with the wireless communications network include:

> at least one ***second radio-frequency transceiver and an associated at least one second antenna of the wireless communications network*** to which the second radio-frequency transceiver is coupled; and
>
> ***a second processor coupled to the at least one second radio-frequency transceiver*** programmed to determine the location of the wireless mobile communications device, ***wherein the second processor selectively determines the location of the wireless mobile communications device dependent on the setting of preference flags***, wherein the second processor determines the location of the wireless mobile communications device if the preference flags are set to a state that permits tracking of the user of the wireless mobile communications device and communicates the location of the wireless mobile communications device to the first processor via the second radio-frequency transmitter, and wherein the second processor does not determine and communicate the location of the wireless mobile communications device if the preference flags are set to a state that prohibits tracking of the wireless mobile communications device.

(*See* Doc. 1-2 at 128:66-129:21.)

In support of its direct infringement allegations for system claim 1 of the '388 Patent, Traxcell defines the "Accused System" as "***Apple Devices*** that support[] the Apple Maps online navigation service together with the ***Apple Maps server-side or cloud infrastructure*** needed to

provide the service." Doc. 1 at 14 (emphasis added). Traxcell further defines "Apple Maps" as encompassing and including "all the version and variants of the Apple Maps web . . . and the Apple Maps app . . . and the applications supported by the Apple Maps Platform." *Id.*

However, Traxcell does not limit its mapping of the elements of system claim 1 of the '388 Patent to the components defined in the Accused System. Instead, Traxcell maps several of these elements to third-party components and functions performed by those components. Specifically, Traxcell alleges that the "second radio-frequency transceiver and an associated at least one second antenna of the wireless communications network" reside in, and are physically coupled to, cellular network base stations within a wireless communications network. *Id.* at 24. But the complaint does not allege that Apple owns, operates, or controls these base stations. *See id.* Similarly, Traxcell alleges that "a second processor [that] selectively determines the location of" a wireless device based on preference flags is infringed by non-Apple components. *Id.* at 25-27. For several elements, instead of attributing the "second processor" to an Apple device, Traxcell alleges these processors are owned and operated by Location-Based Services ("LBS") providers. *See id.* ("The LBS providers' processors select to determine a wireless mobile communications device's locations if the preference flags applicable to that device have been set for enablement.").[1] *See id.*

With respect to Traxcell's indirect infringement allegations for both Asserted Patents, Traxcell does not allege facts supporting any third party direct infringement of the asserted claims. *See id.* at 12-13, ¶¶ 11-13; 29-30, ¶¶ 19-21. Traxcell similarly fails to allege pre-suit knowledge of the Asserted Patents in support of its indirect infringement allegations.[2]

---

[1] While Traxcell initially maps the "second processor" to "Apple Maps running on Apple's branded ***device***" (Doc. 1 at 25) (emphasis added), Traxcell thereafter alleges the second processor is actually operated by LBS providers within the wireless ***network***, as expressly required by claim 1 of the '388 Patent. *See id.* at 25-27.

[2] Instead, Traxcell asserts that Apple had pre-suit knowledge of a parent application to the

Finally, while the complaint prays for relief of willful infringement, it does not recite facts supporting this claim. *See id.* at 30.

## III.   LEGAL STANDARD

To survive a motion to dismiss, a complaint must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That standard is not met when a plaintiff provides a "bare averment that he wants relief and is entitled to it." *Twombly*, 550 U.S. at 555 n.3. "*Twombly* and *Iqbal* require that a complaint for patent infringement contain sufficient factual allegations such that a reasonable court could, assuming the allegations were true, conclude that the defendant infringed." *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 936 (Fed. Cir. 2015).

## IV.   ARGUMENT

### A.   Traxcell Fails to State a Claim of Direct Infringement of the '388 Patent

The Court should dismiss Traxcell's direct infringement allegations for the '388 Patent because the complaint fails to include facts that could plausibly infer Apple's direct infringement of the accused system claim.

Under § 271(a), "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore" directly infringes the patent. 35 U.S.C. § 271(a).

_____

asserted patents based on the PTO's citation of the application during prosecution of an unidentified Apple patent. *See id.* at 12-13, ¶¶ 11-13; 29-30, ¶¶ 19-21. Traxcell does not allege that Apple had pre-suit knowledge of the issued patents or asserted claims.

"[F]or a party to be liable for direct patent infringement under 35 U.S.C. § 271(a), that party must commit all the acts necessary to infringe the patent, either personally or vicariously." *Aristocrat Techs. Australia Pty Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013). To state a claim for direct infringement, a complaint must put an accused infringer "on notice of what activity . . . is being accused of infringement." *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018) (quoting *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013)).

The Federal Circuit recently clarified the requirements for showing direct infringement of a system claim. To directly infringe a system claim by ***making, selling, and importing*** the claimed systems, "all elements of the claim [must be] present in the accused systems allegedly sold by [the defendant]." *Omega Pats., LLC v. CalAmp Corp.*, 920 F.3d 1337, 1345 (Fed. Cir. 2019) (quotations omitted) (citing *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l*, 631 F.3d 1279, 1288 (Fed. Cir. 2011) ("In order to 'make' the system under § 271(a), [defendant] would need to combine all of the claim elements ...."); *see also TecSec, Inc. v. Int'l Bus. Machines Corp.*, 769 F. Supp. 2d 997, 1010 (E.D. Va. 2011), *aff'd*, 466 F. App'x 882 (Fed. Cir. 2012), and *rev'd on other grounds*, 731 F.3d 1336 (Fed. Cir. 2013) (citing *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 (Fed. Cir. 2000)) ("To prove that [defendant] directly infringed the system claims, plaintiff must show that [defendant] made, used, sold, offered for sale, or imported the entire claimed system(s)."). Furthermore, "[d]irect infringement by ***'use'*** of a claimed system requires use of each and every element of the system." *Synchronoss Techs., Inc. v. Dropbox, Inc.*, 987 F.3d 1358, 1369 (Fed. Cir. 2021) (emphasis added). "To 'use' a system for the purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it." *Id.* (citation omitted).

6

Traxcell fails to state a claim that Apple directly infringes system claim 1 of the '388 Patent. First, Traxcell fails to state a claim that Apple directly infringes asserted system claim 1 of the '388 Patent by making or selling the claimed invention. The Federal Circuit's *CalAmp* case is instructive. *See CalAmp*, 920 F.3d at 1341-45. There, the plaintiff asserted a claim directed to a multi-component system for tracking vehicles. *See id.* at 1341. One of the claim elements recited a "transmitter" that the plaintiff mapped to a device the defendant sold to its customers. *See id.* at 1341. Another claim element recited a "receiver" that the plaintiff mapped to a cellular tower owned and operated by a third party. *See id.* The system claim required the receiver to receive signals from the transmitter. *See id.* On these facts, the Court found that the defendant did not directly infringe by making or selling the claimed system because the defendant "is not alleged to provide the cell tower" and thus "does not provide all the required claim elements." *Id.* at 1345.

As in *CalAmp*, Traxcell's direct infringement allegations for the asserted system claim fail to allege that Apple makes or sells a system with all the required claim elements. Rather, the complaint alleges that key elements of the accused system are owned and operated by third parties—not Apple. Specifically, Traxcell alleges the claimed second transceiver and antenna are present in base stations—or cell towers—residing in wireless cellular networks. Doc. 1 at 24.  The complaint does not allege that Apple owns or operates the base stations—nor could it. Traxcell also alleges that a third-party Location Based Service ("LBS") provides the "second processor" and "determining the location of a wireless device" limitations. *Id.* at 25-27. Traxcell does not allege that Apple owns or operates the processors that perform these steps. *See id.* By failing to include factual allegations sufficient to show that Apple provides all the required claim elements, Traxcell cannot show that Apple directly infringes the asserted system claim of the '388 patent by making or selling the patented system. *See CalAmp*, 920 F.3d at 1345.

Second, Traxcell cannot plausibly show direct infringement through Apple's alleged use of the asserted system claim. On this point, the Federal Circuit's *Centillion* case is instructive. *Centillion*, 631 F.3d at 1284. There, the claims recited a system comprising (1) back-end computing means to carry out various functions, and (2) end user's personal computer data processing means. *See id.* at 1282. In granting summary judgment of no direct infringement by the defendant, the court reasoned that, "[w]hile [the defendant] may make the back-end processing elements, it never 'uses' the entire claimed system because it never puts into service the personal computer data processing means." *Id.* at 1286. "Supplying the software for the customer to use," the court explained, "is not the same as using the system." *Id.* The "entire system is not used until a customer loads software on its personal computer and processes data" and therefore the defendant did not directly infringe. *Id.* at 1287.

Similarly, here, Traxcell does not allege that Apple "uses" the entire claimed system. At best, the complaint alleges that Apple supplies the accused Apple devices to its end-user customers, not that Apple itself *uses the entire claimed system*. Indeed, the system as a whole could not plausibly be "used" until an Apple customer executes the Apple Maps application on a wireless device connected to a wireless communication network with LBS services. *See* Doc. 1 at 14 (alleging the "communications device" in the asserted claim refers to an Apple wireless device that includes the Apple Maps app or browser plugin "for querying and receiving navigation instructions").

The complaint also fails to allege facts that Apple controls the components and services supplied by third parties and fails to identify any tangible, non-speculative benefit that Apple allegedly derives from each element of the claimed system. *See Synchronoss*, 987 F.3d at 1369. This is fatal to Traxcell's claim. Indeed, to survive a motion to dismiss, Traxcell must demonstrate

something it cannot: Apple "'benefit[s] from each claimed component,' i.e., from 'each and every element of the claimed system.'" *Grecia v. McDonald's Corp.*, 724 F. App'x 942, 947 (Fed. Cir. 2018) (quoting *Intellectual Ventures I LLC v. Motorola Mobility LLC*, 870 F.3d 1320, 1329 (Fed. Cir. 2017)). Traxcell likewise does not (and cannot) allege, as it must, any benefit to Apple that is "tangible, not speculative, and tethered to the claims." *Id.* (affirming dismissal of "use"-based direct infringement of the asserted system claims on the pleadings); *see also Synchronoss*, 987 F.3d at 1369 (affirming summary judgment of no "use"-based direct infringement when the plaintiff failed to demonstrate defendant's control of, and benefit from, each element of the claimed system).

Instead, Traxcell only generically alleges that "Defendant's acts complained of herein caused those claimed-invention embodiments as a whole to perform *[sic]*, and Defendant obtaining monetary and commercial benefit from it." Doc. 1 at ¶ 19. But the Federal Circuit has explicitly rejected broad, conclusory allegations "that the infringer benefit from the system as a whole" to prevail on use-based infringement of a system claim. Rather, the accused infringer must "control (even if indirectly) and benefit *from each claimed component*." *Intell. Ventures I*, 870 F.3d at 1329 (emphasis added). Traxcell makes no such allegations here.

Because Traxcell fails to state a plausible claim of direct infringement of the '388 Patent, the Court should dismiss Traxcell's claim.[3]

---

[3] Traxcell's failure to state a claim for direct infringement as to claim 1 also renders its direct infringement claims for dependent claims 2-10 deficient for the same reasons. As for asserted claims 11-30, because Traxcell has failed to provide basic notice for how claims 11-30 are infringed, those allegations should be dismissed as well. *See Panoptis Patent Mgmt., LLC v. Blackberry Corp.*, No. 2:16-CV-00059-JRG-RSP, 2017 WL 780885, at *3 (E.D. Tex. Feb. 10, 2017) (citing *Lyda v. CBS Corp.*, 838 F.3d 1331, 1339 (Fed. Cir. 2016)), *report and recommendation adopted*, No. 2:16-CV-00059-JRG-RSP, 2017 WL 780880 (E.D. Tex. Feb. 28, 2017) (The Federal Circuit in "*Lyda* appears to require factual allegations sufficient to give rise to a plausible inference that a device meets *all elements of a specific claim*.") (emphasis in original);

### B. Traxcell Fails to State a Claim of Induced Infringement of the Asserted Patents

The Court should also dismiss Traxcell's inducement claims because Traxcell does not identify any third party acts of direct infringement or any specific intent to induce infringement.

"Claims for indirect infringement, including induced . . . infringement, must be judged by the pleading standards articulated in *Twombly* and *Iqbal*." *Iron Oak Techs., LLC v. Acer Am. Corp.*, No. 6:17-CV-00143-RP-JCM, 2017 WL 9477677, at *4 (W.D. Tex. Nov. 28, 2017) (citations omitted). Specifically, an induced infringement claim under 35 U.S.C. § 271(b) requires that: (1) a third party directly infringed; (2) the alleged inducer knew of the patent and, nevertheless; (3) knowingly induced the infringing acts with a specific intent to encourage infringement by the third party. *See, e.g.*, *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012); *DSU Med. Corp. v. JMS Co., Ltd.*, 477 F.3d 1293, 1304 (Fed. Cir. 2006) ("The requirement that the alleged infringer knew or should have known his actions would induce infringement necessarily includes the requirement that he or she knew of the patent."). Knowledge of the patent is necessary but not alone sufficient; "inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp.*, 477 F.3d at 1306.

Traxcell's inducement claims for both Asserted Patents are implausible because they do not allege acts of third-party infringement. To state a claim for inducement, the complaint must "plead facts sufficient to allow an inference that at least one direct infringer exists." *In re Bill of*

---

*Diem LLC v. BigCommerce, Inc.*, No. 6:17-CV-186 JRG-JDL, 2017 WL 9935521, at *3 (E.D. Tex. May 11, 2017) ("Plaintiff must put Defendant on plausible notice of the claims Defendant may need to defend agains [sic] by identifying a representative claim from the '122 Patent and providing facts sufficient to create a plausible inference that ***each element*** of the claim is infringed by the accused products.") (emphasis added).

*Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1336 (Fed. Cir. 2012). The entirety of Traxcell's inducement allegations for each Asserted Patent are contained in a single boilerplate and conclusory paragraph. *See* Doc. 1 at ¶¶ 12, 20. Specifically, Traxcell alleges that Apple has "actively encouraged or instructed others (e.g., its customers) . . . on how to use its products and services." Traxcell does not identify a third party that performs each step of the asserted method claim (as required by the '196 Patent) or provides each component of the claimed system (as required by the '388 Patent). *See id.* Rather, Traxcell alleges that Apple (for the '196 Patent), or a combination of Apple and third parties (for the '388 Patent), meet each claim element. *See id.* at 4-12, 14-28. Because there are no allegations that any third parties individually practice each element of the asserted claims, Apple could not have plausibly induced them to directly infringe those claims. *See AgroFresh Inc. v. Essentiv LLC*, No. CV 16-662-MN-SRF, 2018 WL 6974947, at *6 (D. Del. Dec. 27, 2018), *report and recommendation adopted*, No. CV 16-662 (MN), 2019 WL 350620 (D. Del. Jan. 29, 2019) (dismissing complaint for failing to allege direct infringement of the defendant's customers); *Trans Video Elecs., Ltd. v. Netflix, Inc.*, No. CV 12-1743-LPS, 2014 WL 900929, at *3 (D. Del. Mar. 4, 2014), *report and recommendation adopted*, No. CV 12-1743-LPS, 2014 WL 1268680 (D. Del. Mar. 26, 2014) ("[T]he Complaint is silent even as to what it is that the customers are alleged to have actually done that is asserted to amount to the 'use' of such a method. Instead, the Complaint goes on only to state that Defendant intended that its customers 'use the accused product in such a way that infringes the '936 patent'—but never states in what 'way' the customers are asserted to act that might allow the plausible inference that the patented method at issue is being practiced."). The Court should therefore dismiss Traxcell's inducement claims for this reason alone.

Traxcell also fails to allege pre-suit knowledge of the Asserted Patents necessary to support

a claim of inducement for activities occurring before Traxcell filed its complaint. "Absence of knowledge is a fatal flaw in a claim for indirect patent infringement." *Aguirre v. Powerchute Sports, LLC*, No. SA–10–CV–702–XR, 2011 WL 3359554, *5 (W.D. Tex. Aug. 4, 2011).  Here, Traxcell does not allege that Apple had knowledge of the asserted claims of the Asserted Patents. Traxcell only alleges that Apple had pre-suit knowledge of a *parent application* to the patents asserted here. *See* Doc. 1 at 12-13, ¶¶ 11-13; 29-30, ¶¶ 19-21. First, even if these allegations are true, simply citing Traxcell's non-issued application for a patent is insufficient to show that Apple possessed knowledge of the later issued patent as a matter of law. *See State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("Filing an application is no guarantee any patent will issue, and a very substantial percentage of applications never result in patents. What the scope of claims in patents that do issue will be is something totally unforeseeable."). Second, allegations "of actual notice stemming from [Apple's] prosecution activity is too attenuated to plausibly infer that [Apple] had pre-suit knowledge of the Asserted Patents." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018). Traxcell does not identify how, if at all, Apple gained this knowledge. Instead, Traxcell vaguely states that the application was cited to Apple during prosecution of an *unidentified Apple patent at some unidentified time*. *See id*. Even if these vague allegations later prove true, they are legally insufficient to establish Apple's pre-suit knowledge of the Asserted Patents. Accordingly, for this additional reason, the Court should dismiss the pre-suit portion of Traxcell's induced infringement claims.

Furthermore, Traxcell fails to advance any facts that Apple specifically intended to induce third parties to infringe the Asserted Patents. "To properly state a claim for induced infringement, a complaint must plead facts that plausibly show that the defendant has specific intent to cause

another party's direct infringement and knew that the other party's acts constitute infringement." *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, 2015 WL 3513151, at *5 (W.D. Tex. Mar. 24, 2015). Where a plaintiff can establish that a defendant knew certain uses constituted patent infringement, "[e]vidence of 'active steps . . . taken to encourage direct infringement,' such as advertising an infringing use or instructing how to engage in an infringing use, shows an affirmative intent that the product be used to infringe." *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005) (citations omitted). Specific intent necessarily "requires more than just intent to cause the acts that produce direct infringement. Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *DSU Med. Corp. v. JMS Co.*, 471 F.3d at 1306 (en banc as to specific intent requirement). "[S]imply recit[ing] the legal conclusion that Defendants acted with specific intent" fails to plead "facts that would allow a court to reasonably infer that Defendants had the specific intent to induce infringement." *Addiction & Detoxification Inst. L.L.C.*, 620 F. App'x at 935.

Traxcell fails to plead any facts that Apple specifically intended to induce third parties to infringe the Asserted Patents. In particular, Traxcell fails to specify what "encouraging" activities Apple engages in or how this activity actually induces third parties to perform the claimed method steps in a manner that would infringe the Asserted Patents. These types of threadbare conclusions are insufficient for Traxcell's inducement claims to survive a motion to dismiss. *See, e.g.*, *Parus Holdings Inc. v. LG Electronics Inc.*, Civil Action 6:19-cv-432-ADA (W.D. Tex. July 22, 2019) (dismissing boilerplate allegations of how the defendant specifically instructed or encouraged third parties to infringe); *Affinity Labs of Texas, LLC v. Toyota Motor North America, Inc.*, 2014 WL 2892285, at *7 (W.D. Tex. May 12, 2014) (dismissing complaint for failing to allege precisely how defendant induced its customers to infringe). Moreover, the complaint makes no specific

allegations supporting post-filing inducement. *See Bush Seismic Technologies LLC v. American Gem Society*, 2016 WL 9115381, *3 (E.D. Tex. 2016) (dismissing post-filing inducement where the alleged conduct supporting the claim is insufficient). Because the complaint fails to allege that Apple knew of third-party infringement and had the specific intent to induce that infringement, the Court should dismiss Traxcell's inducement claims for both Asserted Patents.

### C.   Traxcell Fails to State a Claim for Contributory Infringement of the Asserted Patents

Traxcell's contributory infringement claims also fail because Traxcell does not allege underlying direct infringement, the basic elements of contributory infringement, or any facts establishing Apple's knowledge of the Asserted Patents.

To establish contributory infringement under 35 U.S.C. § 271(c), "the patent owner must show the following elements . . . : (1) that there is direct infringement, (2) that the accused infringer had knowledge of the patent, (3) that the component [of a patented combination] has no substantial noninfringing uses, and (4) that the component is a material part of the invention." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). The complaint must also plead facts sufficient to show the defendant "knew that the combination for which its components were especially made was both patented and infringing." *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004) (quoting *Preemption Devices, Inc. v. Minn. Mining & Mfg. Co.*, 803 F.2d 1170, 1174 (Fed. Cir. 1986)).

Traxcell fails to plead the elements of contributory infringement, much less offer any facts tending support a claim that those elements are met here. Instead, all of Traxcell's contributory infringement allegations mirror those it asserts in support of inducement. *See* Doc. 1 at ¶¶ 13, 21. Such perfunctory allegations fall well below the pleading standard, and the Court should dismiss them. *See Iron Oak Techs.*, 2018 WL 1631396, at *2 (dismissing contributory infringement claim

for failing to identify what component of the accused product allegedly infringed and for providing only conclusory allegations that the unidentified component was not a staple article of commerce).

Furthermore, for the same reasons described above, Traxcell has failed to allege pre-suit knowledge of the Asserted Patents. The Court should dismiss Traxcell's contributory infringement claims for this additional reason. *See Meetrix*, 2018 WL 8261315, at *2.

### D.  Traxcell Fails to State a Claim for Willful Infringement of the Asserted Patents

The Court should also dismiss Traxcell's willful infringement claims for failing to allege any pre-suit knowledge of the Asserted Patents or egregious infringing behavior.

Willful patent infringement is reserved for "egregious infringement behavior," which is typically described as "willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or — indeed — characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). To adequately state a claim for willful infringement, the complaint must at least allege that the defendant "'(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent.'" *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-CV-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (quoting *Valinge Innovation AB v. Halstead New England Corp.*, No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)). On this third element, the Federal Circuit recently held that willfulness "requires [evidence of] deliberate or intentional infringement." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). To survive a motion to dismiss, Traxcell must allege facts that, if taken as true, show that Apple's "conduct rose to the level of wanton, malicious, and bad-faith behavior required for willful infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1309 (Fed. Cir. 2019).

Traxcell's complaint does none of these things. Traxcell's sole basis for alleging willful

infringement is found in a single clause in its prayer for relief. *See* Doc. 1 at 30. Notably, Traxcell does not offer facts that Apple acted egregiously or intentionally to infringe Traxcell's patents. In fact, Traxcell fails to allege a single fact "raising a reasonable inference of pre-suit knowledge of the [Asserted Patents.]" *Inhale, Inc. v. Gravitron, LLC*, No. 1:18-CV-7652-LY, 2018 WL 7324886, at *3 (W.D. Tex., Dec. 10, 2018) (granting motion to dismiss willful infringement allegations). Such threadbare recitals of willfulness are insufficient to state a claim and should be dismissed. *See Jenkins v. LogicMark*, LLC, No. 3:16-cv-751-HEH, 2017 WL 376154, at *5 (E.D. Va. Jan. 25, 2017) (dismissing willful infringement claim that made "naked accusations devoid of any details to warrant their plausibility"); *Meetrix*, 2018 WL 8261315, at *3-4 (granting motion to dismiss willful infringement claims where "the complaint does not allege any facts raising a plausible inference of the egregious behavior required under *Halo*."); *Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *4 (N.D. Cal Apr. 2, 2019) (dismissing willfulness claim based only on alleged pre-suit knowledge and "continued infringement" and noting that "[n]othing in the complaint provides specific factual allegations about [the alleged infringer]'s subjective intent or details about the nature of [the alleged infringer]'s conduct to render a claim of willfulness plausible, and not merely possible").

## V.    CONCLUSION

For at least the foregoing reasons, Apple respectfully requests the Court to dismiss under Fed. R. Civ. P. 12(b)(6) Traxcell's direct infringement claims for the '388 Patent, as well as Traxcell's indirect infringement and willfulness claim for both Asserted Patents.

Dated: April 2, 2021                          Respectfully submitted,

                                              By: /s/ *Sharon A. Israel*
                                              Sharon A. Israel (Texas Bar No. 00789394)
                                              SHOOK, HARDY & BACON L.L.P.
                                              600 Travis Street, Suite 3400
                                              Houston TX 77002
                                              Phone: 713-546-5689
                                              Fax: 713-227-9508
                                              sisrael@shb.com

                                              B. Trent Webb (*pro hac vice* forthcoming)
                                              Ryan J. Schletzbaum (*pro hac vice* forthcoming)
                                              Lauren E. Douville (*pro hac vice* forthcoming)
                                              Mark Schafer (*pro hac vice* forthcoming)
                                              Lydia Raw (*pro hac vice* forthcoming)
                                              SHOOK HARDY & BACON L.L.P.
                                              2555 Grand Boulevard
                                              Kansas City, MO 64108
                                              Phone: 816-474-6550
                                              Fax: 816-421-5547
                                              bwebb@shb.com
                                              rschletzbaum@shb.com
                                              ldouville@shb.com
                                              mschafer@shb.com
                                              lraw@shb.com

                                              ***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on April 2, 2021, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

                                              /s/ *Sharon A. Israel*
                                                   Sharon A. Israel